IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06CV00037

| | | |
|---|---|---|
| GERI ANDREWS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| STRATEGIC OUTSOURCING, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** comes before the Court on Defendant's Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## I. BACKGROUND

Defendant Strategic Outsourcing, Inc. ("SOI") is a North Carolina employee leasing corporation operating in Florida. Hygrade Timber Company, Inc. ("Hygrade"), is a Florida corporation that operates a saw mill and dry kiln. Plaintiff Geri Andrews ("Andrews") was an SOI employee leased to Hygrade.

In the year 2000, SOI and Hygrade entered into a Service Agreement for SOI to lease Hygrade employees. The Service Agreement invoked North Carolina law and included the following terms: SOI could not unreasonably withhold consent to a valid assignment of contractual rights by Hygrade; termination of the Service Agreement required 30 days notice; and the parties would indemnify each other for any damages, losses, suits, or claims arising out of acts or omissions of the leased employees. Additionally, Hygrade entered into SOI's Employment Practices Liability Insurance Program (the "Insurance Program"). Under the Insurance Program, SOI promised to

indemnify Hygrade in the event of actual or alleged wrongful employment practices, such as wrongful termination.

Andrews was injured while working at Hygrade through SOI in 2000. When Andrews attempted to file a Workers' Compensation claim, she was wrongfully terminated by Hygrade. Andrews filed a civil action on November 22, 2000 against Hygrade for wrongful termination. Hygrade requested that SOI defend the Andrews suit on or about January 3, 2001 pursuant to the Insurance Program. Claiming that the Service Agreement was retroactively terminated as of November 9, 2000 by a letter sent on November 13, 2000, SOI refused to defend the suit and ultimately failed to indemnify Hygrade as agreed.

Hygrade settled with Andrews on August 14, 2003 for $75,000 and assigned her its rights and claims arising under the Service Agreement. Andrews agreed to pursue SOI for claims arising from the Service Agreement instead of Hygrade. At present, she seeks damages against SOI for claims for breach of contract (Count I); breached of fiduciary duty (Count II); and unfair and deceptive trade practices (Count III).

SOI moves to dismiss the suit, asserting that Andrews is not an assignee of these claims because the Service Agreement was terminated before her settlement with Hygrade. It further contends that her breach of contract claim is barred by the three-year statute of limitations as the breach occurred on November 22, 2000 when Hygrade was served with Andrews' lawsuit. Finally, it contends that even if there were rights or claims to assign, North Carolina law prohibits assignments of tort actions such as breach of fiduciary duty and unfair and deceptive trade practices.

## II. DISCUSSION

When ruling on a 12(b)(6) motion to dismiss, the motion should not be granted "unless after

accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." Chao v. Rivendell Woods, Inc., 415 F.3d 342, 346 (4th Cir. 2005) (quoting De'Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir. 2003)). The Court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." E. Shore Mkts., Inc. v. J.C. Assocs., Ltd., 213 F.3d 175, 180 (4th Cir. 2000).

SOI asserts that the assignment is invalid because Hygrade did not adhere to the assignment procedure in the Service Agreement, which required thirty days' written notice and SOI's consent. SOI also contends that the assignment does not conform to the contracting parties' contemplation that Hygrade would assign to a similar successor company and not to a potential litigant. Finally, SOI contends that because the Service Agreement was effectively terminated on a date prior to the commencement of the Andrews suit against Hygrade, SOI did not have an existing duty to defend at the time the suit was filed.

Turning to Andrews' Complaint, she has pled facts that, if taken as true and drawing all reasonable inferences in her favor, would entitle her to relief. Additionally, there is insufficient information upon which to determine the parties' contemplations regarding assignments and whether Hygrade adhered to the assignment procedure. Finally, SOI's assertion regarding the termination of the Service Agreement is outside the pleadings. As a result, the Court declines to determine these issues at this time.

**A. Breach of Contract**

With respect to Count I, SOI asserts that Andrews' breach of contract claim is barred by the applicable statute of limitations and is not subject to the continuing violations doctrine. "The raising

3

of the statute of limitations as a bar to plaintiffs' cause of action constitutes an affirmative defense and may be raised by motion pursuant to Fed. R. Civ. P. 12(b)(6), if the time bar is apparent on the face of the complaint." Dean v. Pilgrim's Pride Corp., 395 F.3d 471, 474 (4th Cir. 2005). "Under the law of this and other circuits . . . the limitations defense may be raised on a motion under Rule 12(b)(6), but only if 'the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations" Bethel v. Jendoco Const. Corp., 570 F.2d 1168, 1174 (3rd Cir. 1978).

In the present case, Andrews' Complaint alleges that SOI breached by failing to provide Hygrade a defense against her claims and thereafter failing to indemnify it. She alleges in her Complaint that her claim was filed on November 22, 2000, and that SOI was formally notified by Hygrade no later than January 3, 2001. However, she has not alleged exactly when SOI refused to provide Hygrade a defense or liability coverage against her claims, thereby breaching the contract. Because these dates are not clear, it is not apparent from the pleadings when the breach claim accrued. Thus, SOI's 12(b)(6) motion to dismiss Count I is denied[1].

**B. Personal Tort Claims**

With respect to Counts II and III, an assignment is valid when there is an assignor, assignee, and a thing assigned. See N.C.Gen.Stat. § 1-57 (1983); Gunby v. Pilot Freight Carriers, Inc., 346 S.E.2d 188, 189 (N.C. Ct. App. 1986). When contractual rights are assigned, the assignee becomes a real party in interest and may maintain an action. Id at 190. However, purely personal tort claims,

---

[1] Further, it appears that the continuing violations doctrine would apply even if the date of breach was apparent from the pleadings. Andrews asserts that SOI continually violated the Insurance Program every time a legal expense was incurred, thereby starting anew the statute of limitations. The Court does not find SOI's argument that Duke Univ. v. St. Paul Mercury Ins. Co., 384 S.E.2d 36 (N.C. 1989), limits this doctrine to insurance providers persuasive.

4

such as unfair and deceptive trade practices and breach of fiduciary duty, cannot be assigned because they promote champerty and thus are void against public policy. <u>Horton v. New S. Ins. Co.</u>, 468 S.E.2d 856, 857-858 (N.C. Ct. App. 1996). As a result, Andrews cannot maintain Counts II and III because those claims are personal to the original party in interest, Hygrade.

**IT IS THEREFORE ORDERED** that SOI's Motion to Dismiss pursuant to Rule 12(b)(6) is hereby **DENIED** as to Count I and **GRANTED** as to Counts II and III.

Signed: July 12, 2006

Graham C. Mullen
United States District Judge