IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
**3:06 CV 37**


| | | |
|---|---|---|
| GERI ANDREWS, | ) | |
| | ) | |
| Plaintiff, | ) | **PRETRIAL ORDER AND** |
| | ) | **CASE MANAGEMENT PLAN** |
| v. | ) | |
| | ) | |
| STRATEGIC OUTSOURCING, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## I. DISCOVERY

A.   DISCOVERY GUIDELINES:   The parties have agreed to exchange pre-trial documents by **August 25, 2006**. Each party may propound no more than **20** single part interrogatories; and each party may depose no more than **6** fact witness(es) without prior approval of the court. The parties have agreed to a maximum of **20** requests for admission by each party to any other party. Discovery of expert witnesses shall proceed in accordance with the agreement set forth, if applicable, in the Certificate of Initial Attorneys' Conference.

B.   RESPONSES TO INTERROGATORIES AND REQUESTS FOR ADMISSION: Every response to an interrogatory or request for admission, and every objection thereto, shall be preceded by the original number and complete text of the corresponding interrogatory or request for admission.

C.   THE MAINTENANCE OF DISCOVERY MATERIALS: Discovery materials are NOT to be filed.  All counsel are advised to consult  local rule 26.1 which provides that while depositions, interrogatories, and requests for admission, and responses thereto, must still be served on all parties, they are no longer to be filed unless upon order of the Court. The parties are responsible for the preservation of any and all discovery materials they may generate.

D.   VIDEO DEPOSITIONS:  If video depositions are taken and counsel intend to use them at trial, counsel are directed to resolve any objections, obtaining the Court's assistance if necessary, and edit the video accordingly so that the video may be shown without interruption. Failure to do this prior to trial will result in objections being deemed to be waived.

E.     PROTECTIVE ORDERS:  Any objections made to discovery requests shall be accompanied by a draft proposed protective order if such order is, or will be, requested. When counsel submit proposed protective orders, they shall include a provision leaving the ultimate disposition of protected materials subject to a final order of the court on the completion of litigation.

F.     DISCOVERY COMPLETION:  All discovery shall be completed by **December 31, 2006.** Counsel are directed to initiate discovery requests and notice or subpoena depositions sufficiently in advance of the discovery completion deadline so as to comply with this Order.  Discovery requests that seek responses or schedule depositions after the discovery completion deadline are not enforceable except by order of the court for good cause shown.  The parties may consent to extensions of the discovery completion deadline so long as any such extension expires not later than ten (10) days prior to scheduled trial time.

## II. MOTIONS

A.     MOTIONS DEADLINE:  All motions except motions in limine and motions to continue shall be filed **by January 31, 2007.**  Parties may not extend this deadline by agreement and stipulated extensions of the completion of discovery do not extend the Motions Deadline.  Motions in limine shall be filed no later than three (3) weeks before the first day of the term in which the case has been placed on a published trial calendar.  Responses to motions in limine shall be filed within five (5) business days of receipt of the motions in limine.

B.     MOTIONS HEARINGS:  Hearings on motions ordinarily will be conducted only when the Rules require a hearing, or when the court determines that a hearing will assist the court.  All motions requiring a hearing will be heard as soon as is practical.  The Clerk will notify all parties as far in advance as possible of the date and time set for the hearing.

## III. TRIAL

The tentative trial date will be the **May 7, 2007** term.

## IV. TRIAL PROCEDURES

A.     TRIAL SUBPOENAS:  Counsel must subpoena all witnesses at least ten (10) business days before the first day of the term in which this case has been placed on a published trial calendar.  The Court may elect not to enforce subpoenas that have not been issued in compliance with this deadline or, if requested, may quash subpoenas that have not been issued in compliance with this deadline.

B.       COUNSEL'S DUTIES PRIOR TO TRIAL:
1.  At least **one full week** before the first day of the term in which this case has been placed on a published trial calendar counsel for all parties shall:
> (a) Discuss the possibility of a settlement;
> (b) Exchange copies of exhibits or permit inspection if copying is impractical;
> (c) Number and become acquainted with all exhibits; and
> (d) Agree upon the issues, reduce them to writing and file three copies with the Court.  If counsel cannot agree upon the issues, each party is directed to write his/her own version and file it with the Court in triplicate.

2.  At least **four full weeks** before the first day of the term in which this case has been placed on a published trial calendar, counsel who intends to offer portions of depositions into evidence pursuant to Rule 32 shall serve on opposing counsel such portions of deposition testimony that he or she intends to offer into evidence as well as the basis under Rule 32(a) for the use of such depositions.  Within three business days after receipt of the above, opposing counsel shall serve upon designating counsel any objections to the designated portions along with any counter-designations pursuant to Rule 32(a)(4).  Any objections to counter-designations must likewise be served three business days after receipt of the counter-designations.  At least **two full weeks** prior to the first day of the term, counsel are directed to jointly file with the Court a copy of the designations, counter-designations, and objections thereto for the Court to consider prior to trial.

C.       COUNSEL'S FILINGS BEFORE TRIAL: **By the deadline indicated on the published trial calendar**, counsel for each party shall file with the Clerk of Court an original and two (2) copies of each of the following:
> (a) A trial brief;
> (b) A joint statement of the issues remaining for trial, if agreed upon by counsel, or if counsel cannot agree upon the issues remaining for trial, each party shall file its own statement of the issues;
> (c) In all non-jury cases, proposed Findings of Fact and Conclusions of Law;
> (d) Proposed jury instructions, as described below; and
> (e) Requests for voir dire.

The deadline indicated on the published trial calendar may not be extended for any reason. **Failure to comply with this deadline WILL result in sanctions.**

D.       PROPOSED JURY INSTRUCTIONS:  If a jury trial has been requested, all counsel shall submit proposed jury instructions by the deadline indicated on the published trial calendar. Additional instructions may be submitted during the trial as circumstances may require. Counsel should number each proposed instruction and shall submit each proposed instruction on a separate page.  Each proposed instruction should contain a supporting citation(s) as a footnote.

E.  JURY VOIR DIRE:  The Court, after consideration of the requests for voir dire submitted by counsel in compliance with Paragraph C above, shall conduct jury voir dire.  Counsel will be given a limited opportunity to conduct additional voir dire, subject to the Court's supervision for reasonableness and relevance.

F.  SANCTIONS FOR COUNSEL'S FAILURE TO MEET DEADLINE FOR FILING:  If any party fails to comply timely with any provision of Paragraphs B, C and D above, the Court will impose such sanctions as the Court deems appropriate within the Court's power to do so.

G.  COUNSEL'S FILINGS ON THE FIRST DAY OF TRIAL:  No later than the morning of the first day of trial, counsel for each party shall file with the courtroom deputy an original and four (4) copies of the following:

(a) A witness list containing the name of every proposed witness;
(b) A statement of the education, experience, and qualifications of each expert witness, unless the parties have stipulated to the qualifications of each expert witness;
(c) Stipulations concerning the authenticity of as many proposed exhibits as possible; and
(d) An exhibit list.

H.  EXHIBIT NOTEBOOKS:  If counsel for any party intends to tender more than fifteen (15) documentary exhibits, counsel for that party shall prepare four (4) identical exhibit notebooks, or sets of exhibit notebooks.  Each exhibit notebook, or set of exhibit notebooks, shall contain an index of the exhibits and a copy of each exhibit.  Counsel shall tab each exhibit and shall numerically arrange each exhibit notebook, or set of exhibit notebooks.

Four (4) identical exhibit notebooks, or sets of exhibit notebooks, are necessary so that the witness and court personnel each have an exhibit notebook, or set of exhibit notebooks.

I.  FORMAT FOR EXHIBIT LIST:  In preparing the exhibit list, counsel separately shall identify and number each exhibit, shall arrange the list numerically by exhibit number, and shall place the following headings on the exhibit list:

| Exhibit # | Description | Identified by | Admitted |
| --- | --- | --- | --- |

It is not necessary for counsel to make entries in either the "Identified by" column or the "Admitted" column.

J.  PUBLISHING DOCUMENTS TO THE JURY:  With regard to any documents that counsel intends to publish to the jury, counsel are expected to provide a sufficient number

of copies for each juror, opposing counsel, the Court, and an original for filing. If the number of documents that counsel intends to publish exceeds fifteen (15), counsel shall prepare exhibit notebooks as described in section H for each juror.

K.   ASSESSMENT OF JURY COSTS:   Whenever a civil action scheduled for a jury trial is settled or otherwise disposed of in advance of the actual trial, the Court may assess all jurors' costs, including Marshal's fees, mileage reimbursement, and per diem fees, equally against the parties or otherwise may determine appropriate assessments unless the Clerk's Office is notified at least one (1) full business day prior to the date on which the action is scheduled for trial or the parties establish good cause why the Court should not assess jury costs against the parties. When any civil jury trial is settled at trial in advance of the verdict, the Court likewise may make the same assessments unless the parties establish good cause why the Court should not do so.

## V. ADR

The method of ADR to be utilized in this case is **a mediated settlement conference.** The parties agree to conduct this conference **by February 28, 2007.**

## VI. SANCTIONS

Failure to comply with any of the provisions of this Order which causes added delay or expense to the Court may result in the imposition of sanctions.

IT IS SO ORDERED.                    Signed: August 3, 2006

Graham C. Mullen
United States District Judge