IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06CV37-MU

| | |
|---|---|
| GERI ANDREWS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| STRATEGIC OUTSOURCING, INC. ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court upon Defendant's Motion for Summary Judgment. (Document No. 42). For the reasons set forth below, Defendant's motion is DENIED.

## I. BACKGROUND

Defendant Strategic Outsourcing, Inc. ("SOI") is a North Carolina employee leasing corporation operating in Florida. Hygrade Timber Company, Inc. ("Hygrade"), is a Florida corporation that operates a saw mill and dry kiln. Plaintiff Geri Andrews ("Ms. Andrews") was an SOI employee leased to Hygrade.

In the year 2000, SOI and Hygrade entered into a Service Agreement for SOI to lease employees to Hygrade. The Service Agreement invoked North Carolina law, required 30 days notice of termination of the Agreement and specified that the parties would indemnify each other for any damages, losses, suits, or claims arising out of acts or omissions of the leased employees. Additionally, Hygrade entered into SOI's Employment Practices Liability Insurance Program (the "Insurance Program"). Under the Insurance Program, SOI promised to indemnify Hygrade in the event of actual or alleged wrongful employment practices, such as wrongful termination.

Ms. Andrews was injured while working at Hygrade through SOI in 2000. When Ms. Andrews attempted to file a Workers' Compensation claim, she was wrongfully terminated by Hygrade. Ms. Andrews filed a civil action on November 22, 2000 against Hygrade for wrongful termination. Hygrade requested that SOI defend the Andrews suit on January 3, 2001 pursuant to the Insurance Program. Claiming that the Service Agreement was retroactively terminated as of November 9, 2000 by a letter sent on November 13, 2000, SOI refused to defend the suit and ultimately failed to indemnify Hygrade as agreed.

Hygrade settled with Ms. Andrews on August 14, 2003 for $75,000 and assigned her its rights and claims arising under the Service Agreement. Ms. Andrews brought suit against SOI on August 4, 2005, seeking damages for breach of contract, breach of fiduciary duty, and unfair and deceptive trade practices. SOI moved to dismiss the suit.

On July 12, 2006, this Court granted SOI's Motion to Dismiss as to the breach of fiduciary duty and unfair and deceptive trade practices claims. SOI also moved to dismiss the breach of contract claim, arguing the claim was barred by the three-year statute of limitations. This Court denied that motion, noting that absent a specified date of the alleged breach, it was impossible to determine if the statute of limitations had expired. On March 15, 2007, SOI filed the present Motion for Summary Judgment as to the breach of contract claim, asserting the same statute of limitations argument.

## II. STANDARD OF REVIEW

To prevail on a motion for summary judgment, the moving party must "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In ruling on such motions, courts view "the facts and

inferences drawn therefrom in the light most favorable to the non-moving party." E.E.O.C. v. Navy Federal Credit Union, 424 F.3d 397, 404 (4th Cir. 2005).

## III. DISCUSSION

North Carolina law controls this case. The Service Agreement entered into by SOI and Hygrade clearly states: "This service agreement is delivered and made in, and shall be construed in accordance with the laws of North Carolina." Service Agreement ¶ 31. North Carolina courts enforce forum selection clauses provided the parties had "a reasonable basis for their choice and the law of the chosen State does not violate a fundamental public policy of the state or otherwise applicable law." Torres v. McClain, 535 S.E.2d 623, 625 (N.C. Ct. App. 2000).

In the present case, the choice of North Carolina law is reasonable. SOI is a "national corporation with its corporate headquarters in North Carolina, and the services performed by SOI are conducted in North Carolina." Document No. 51 at 4. This Court finds that the application of North Carolina law is not contrary to Florida's public policy. Therefore, this Court will enforce the forum selection clause, applying North Carolina's three-year statute of limitations for breach of contract claims. N.C. Gen. Stat. § 1- 52 (2004).

SOI argues that the three year statute of limitations commenced on January 3, 2001, when it notified Hygrade that it would not defend against Ms. Andrew's suit. Ms. Andrews contends that the limitations period began on August 14, 2003, when she settled with Hygrade and Hygrade incurred a $75,000 liability. Ms. Andrews cites Duke University v. St. Paul Mercury Ins. Co. to support her argument that SOI had a continuing duty to defend Hygrade, thereby invoking the doctrine of continuing violations. 384 S.E.2d 36 (N.C. Ct. App. 1989). In Duke, the North Carolina Court of Appeals addressed a suit against a liability insurer to recover

3

damages for failure to defend. The court held that the duty to defend is a "continuing obligation to defend throughout the course of the underlying litigation" and therefore "[e]ach legal expenditure incurred as a result of the insurer's refusal to defend creates a new right in the insured to recover such legal expenditures from the insurer."[1] Id. at 41. Thus, "an insured has three years from the date each legal expense is incurred to bring suit against the insurer for its refusal to defend the insured." Id.

In the present case, Hygrade's settlement with Ms. Andrews on August 14, 2003 occurred within three years of the filing of this claim on August 4, 2005. Therefore, Ms. Andrew's claim is not time-barred by the statute of limitations.

IT IS THEREFORE ORDERED that Defendant SOI's Motion for Summary Judgment is hereby DENIED.

Signed:

Graham C. Mullen
Senior U.S. District Judge

---

[1] While it is unclear whether SOI was actually an insurer like the defendant in Duke, this Court previously noted in its Order of July 12, 2006 that it was not persuaded that Duke's holding was limited to insurers.

4